**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    MARTIN MARINE,                                No. C 08-5414 SI

9              Plaintiff,                          **ORDER DENYING DEFENDANT'S**
                                                   **MOTION FOR LEAVE TO FILE A**
10   v.                                            **MOTION FOR RECONSIDERATION**

11   INTERSTATE DISTRIBUTOR CO.,

12            Defendant.
                                        /
13

14

15          Defendant has filed a motion seeking leave of the Court to file a motion for reconsideration of

16   the Court's April 20, 2009, Order Remanding Action to Alameda County Superior Court.  Defendant

17   contends that the Court incorrectly assumed that defendant based its CAFA calculations on its original

18   understanding of the *Marine* class.  Rather, defendant asserts that when it removed this case the second

19   time, it based its CAFA calculations on 355 "Dedicated Company" drivers that fell into the original

20   class of "Company Driver[s employed] in the State of California," as well as 748 "non-Company

21   Drivers." *See* Def.'s Mot. for Leave to File a Mot. for Reconsideration at 2-3; Def.'s Notice of Removal

22   ¶¶ 2, 13-17.  Defendant's motion is denied because even if the Court had considered the facts as

23   defendant now presents them, it would not change the Court's conclusion.

24          As an initial matter, the Court notes that, until now, nowhere in any of the defendant's papers

25   did it specify that "Dedicated Company" drivers fell into the class of "Company Driver[s employed]

26   in the State of California," while "Line-Haul," "Local," and "Refrigeration" drivers did not.  Nor did

27   defendant raise this distinction during oral argument, during which the Court expressed its inclination

28   to remand this case.  In any event, defendant's papers confirm that this case was already removable

1  under CAFA; even if defendant had used only the 355 Dedicated Company drivers for its CAFA

2  calculations, which it acknowledges fall in its original understanding of the *Marine* class, the amount

3  in controversy under CAFA still would have been met.[1] Thus, the material facts that defendant asks the

4  Court to reconsider would not change its original ruling. Accordingly, the Court DENIES defendant's

5  motion for leave to file a motion for reconsideration.  (Docket No. 36.)

6

7       **IT IS SO ORDERED.**

8

9  Dated:  April 28, 2009                                    Susan Illston

10                                                          SUSAN ILLSTON
                                                           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

─────────────────────

25       [1]Defendant conservatively calculated the amount in controversy as $19,430,200 using a class
   of 1,103 "Commercial Truck Drivers" who were California residents. Even if the putative class size is
26  reduced, as defendant asserts, by slightly more than 66 percent to include only "Dedicated Company"
   drivers who were California residents, the amount in controversy remains $6,253,325. ($19,430,200
27  / 1,103 = $17,615 per class member; $17,615 x 355 = $6,253,325 in controversy for the class of
   "Dedicated Company" drivers who were California residents.) Thus, the Court's conclusion in its April
28  20 Order remains unchanged, even if it relies on this reduction of the putative class according to
   defendant's assertions of its original understanding of the class.

2

**United States District Court**
For the Northern District of California